UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 14, 2025[1]

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. _____ |
| v. | GRAND JURY ORIGINAL |
| ARMANDO GOMEZ NUNEZ, also known as "Delta 1" and "Maximo," | UNDER SEAL |
| Defendant. | VIOLATIONS: |
| | 21 U.S.C. §§ 959(a), 960, and 963 (Conspiracy to Distribute Five Kilograms or More of Cocaine, Four Hundred Grams or More of Fentanyl, and Five Hundred Grams or More of Methamphetamine for Importation into the United States) |
| | 18 U.S.C. § 2 (Aiding and Abetting) |
| | FORFEITURE: 21 U.S.C. §§ 853 and 970, 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Between on or about January 2012 and the filing of this Indictment, in an offense that was begun and committed in Mexico and elsewhere outside the jurisdiction of any particular state or district, but within the extraterritorial jurisdiction of the United States and within the venue of the

---

[1] This grand jury was empaneled in the Superior Court of the District of Columbia, and it returned this indictment pursuant to its authority under D.C. Code § 11-1916(a).

United States District Court for the District of Columbia, pursuant to Title 18, United States Code, Section 3238, the Defendant, **ARMANDO GOMEZ NUNEZ, also known as "Delta 1" and "Maximo,"** together with others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree to manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, four hundred grams or more of a mixture or substance containing a detectable amount of fentanyl, and five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, each Schedule II narcotic drug controlled substances, intending, knowing, or having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 959(a); all in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

> **(Conspiracy to Distribute Five Kilograms or More of Cocaine, Four Hundred Grams or More of Fentanyl, and Five Hundred Grams or More of Methamphetamine for Importation into the United States and Aiding and Abetting,** in violation of 21 U.S.C. §§ 959(a), 960, and 963, and 18 U.S.C. § 2)

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One of this Indictment, the Defendant, **ARMANDO GOMEZ NUNEZ, also known as "Delta 1" and "Maximo,"** shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a) and 970, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the Defendant equal to the value of any property constituting or derived from

any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of these offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

the Defendant shall forfeit to the United States any other property of the Defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to 21 U.S.C. §§ 853 and 970, and 28 U.S.C. § 2461(c))

A TRUE BILL:

_____
FOREPERSON

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: _____
Matthew W. Kinskey
Assistant U.S. Attorney and
Acting Deputy Chief,
Violent Crime & Narcotics Trafficking Section

3